UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PADRAIC MCFREEN, | ) |
|    Plaintiff, | ) ) ) |
|    vs. | ) CAUSE NO. 1:14-cv-764-WTL-TAB ) |
| ALCATEL-LUCENT USA, INC., | ) ) |
|    Defendant. | ) |

## ENTRY ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on Defendant Alcatel-Lucent USA, Inc.'s ("ALU") motion to dismiss (dkt. no. 8). The motion is fully briefed, and the Court, being duly advised, **GRANTS IN PART AND DENIES IN PART** the motion for the reasons, and to the extent, set forth below.

## I.    APPLICABLE STANDARD

ALU moves to dismiss Plaintiff Padraic McFreen's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint fails to state a claim for which relief can be granted. In reviewing a Rule 12(b)(6) motion, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew v. National Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012). For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (omission in original). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 683 F.3d at 334 (citations omitted). A complaint's factual allegations are plausible if

they "raise the right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 (2007).

## II. BACKGROUND

The facts alleged in McFreen's Complaint are as follow. Around 1998, McFreen began developing the technology at issue in this case, which pertains to an efficient and effective means of delivering various entertainment products and services through the Internet (the "MiVu Concept"). Complaint, ¶ 5. Recognizing the ingenuity of the MiVu Concept, McFreen reached out to Lucent Technologies, Inc. ("LTI"), ALU's predecessor,[1] *id.* at ¶ 2, in 2000 to discuss a potential business relationship revolving around the concept. *Id.* at ¶ 20. On October 18, 2000, McFreen, as MiVu, and ALU entered into a mutual Nondisclosure Agreement ("NDA"), which prohibited either party from disclosing any confidential information received through their business relationship, except to those bound by the NDA. *Id*. The NDA also required ALU to notify McFreen if it learned of any use or disclosure of the confidential information in violation of the NDA. *Id.* at ¶ 23. The parties agreed that the NDA would be governed by California law and it would be effective until October 18, 2005. *Id.* at ¶ 25.

On February 15, 2001, after extensive discussions about the MiVu Concept between both parties, ALU informed McFreen that "unplanned internal financial developments" forced them to put a "hold" on the MiVu Concept project. *Id.* at ¶ 59. Ultimately, the parties' business relationship ended in April 2001. *Id.* at ¶ 64. Subsequently, ALU went to market with the MiVu Concept under the "MiLife" trademark without notice or payment to McFreen. *Id.* at ¶ 65.

On May 13, 2014, after a number of years had passed without McFreen's apparent knowledge of ALU's use of the MiVu Concept, McFreen filed suit against ALU in this Court.

---

[1] For simplicity, "ALU" hereinafter refers to both ALU and LTI.

## III. DISCUSSION

In his Complaint, McFreen brings three counts against ALU: (1) breach of contract; (2) violation of the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426 *et seq.*; and (3) unjust enrichment. ALU moves to dismiss all counts. Its arguments are addressed below.

### A. Breach of Contract

Count I of McFreen's Complaint is a claim for breach of contract. Specifically, McFreen alleges that ALU breached their mutual NDA by using confidential information and materials derived therefrom for purposes that violated the NDA. At issue in the present motion is whether McFreen is barred by the statute of limitations from bringing Count I.

As a preliminary matter, neither party disputes[2] that Count I is subject to Indiana's ten-year statute of limitations for breach of contract actions. Ind. Code. § 34-11-2-11 (2014) ("An action upon contracts in writing . . . must be commenced within ten (10) years after the cause of action accrues."). Even if the issue were in dispute, federal courts sitting in diversity jurisdiction applying the substantive law of another state still apply the Indiana statute of limitations. *See Albrecht v. Indiana Harbor Belt R. Co.*, 178 F.2d 577, 578 (7th Cir. 1949). Thus, the critical date for Count I is May 13, 2004, ten years before the Complaint was filed.[3]

ALU argues that Count I is barred by Indiana's statute of limitations and that the "discovery rule" does not toll the onset of the limitations period because McFreen, in the

---

[2] *See* Def.'s Reply at 6 ("ALU agrees that the 10-year statute of limitations applies"); Pl.'s Response at 3 ("Indiana's statute of limitations applies.").

[3] The Court notes that McFreen's breach of contract claim, unlike other common law claims, is not preempted by the CUTSA. *See Angelica Textile Servs., Inc. v. Park*, 220 Cal. App. 4th 495, 508 (2013) (CUTSA permits "breach of contract claims, even when they are based on misappropriation or misuse of a trade secret.") (citing Cal. Civ. Code § 3426.7(b)(1)).

3

exercise of ordinary diligence, could have discovered ALU's breach of contract before May 13, 2004. In Indiana, the "discovery rule" provides that "the cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered" the breach of contract. *Wehling v. Citizens Nat'l Bank*, 586 N.E.3d 840, 842 (Ind. 1992). ALU claims that McFreen could have discovered its breach of the NDA in the exercise of ordinary diligence because it entered the market before May 13, 2004, with a system (the "MiLife product") that embodied the ideas McFreen disclosed under the NDA. For instance, ALU described the product at an industry trade show, secured content provider agreements, and publicly marketed and promoted the product before May 13, 2004. *See* Complaint, ¶¶ 68-76. ALU also publicly introduced its MiLife product to the open market on February 20, 2002. *Id.* at ¶ 79. All of these things, ALU asserts, could have been discovered by McFreen in the exercise of ordinary diligence before May 13, 2004.

Although the "discovery rule" inquiry is an "objective" one, *Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1370 (7th Cir. 1995), "Indiana courts recognize, the date upon which a plaintiff discovered facts which, in the exercise of ordinary diligence, should lead to the discovery of [causation] and resulting injury, is often a question of fact." *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d 954, 966 (7th Cir. 2002) (internal quotation marks and citation omitted). Questions of fact cannot be resolved by a motion to dismiss. As pointed out by McFreen, just because he can now identify various public events before May 13, 2004, at which ALU showcased its product, does not mean that ordinary diligence would have led to its discovery at that time. As this phase in the litigation, the question of when the injury was discovered cannot be resolved.

Moreover, even if the discovery rule does not preserve Count I, McFreen argues that the doctrine of passive fraudulent concealment does, and ALU does not argue otherwise. *See* Def.'s

Reply at 4-5 (only arguing against the application of passive fraudulent concealment to Count II). Passive fraudulent concealment occurs when a party fails to disclose information in a confidential relationship and they have an affirmative duty to do so. *See Malachowski v. Bank One, Indianapolis*, 590 N.E.2d 559, 563 (Ind. 1992). McFreen's Complaint alleges that the NDA created a confidential relationship between McFreen and ALU and explicitly imposed an affirmative duty on ALU to inform McFreen if a breach occurred. The Complaint identifies numerous instances in which ALU failed in its obligation to inform McFreen of various breaches. *See, e.g.*, Complaint, ¶¶ 65, 102. Thus, McFreen has alleged facts that would support a finding that, under the doctrine of passive fraudulent concealment, the statute of limitations did not begin to run until October 18, 2005, when the NDA expired, further rendering dismissal of Count I inappropriate. Accordingly, ALU's motion to dismiss Count I of McFreen's Complaint is **DENIED**.

### B. Violation of the CUTSA

Count II of McFreen's Complaint is a claim for violation of the CUTSA. Specifically, McFreen alleges that ALU's use and disclosure of the information and concepts provided by McFreen was a misappropriation of trade secrets under the CUTSA. At issue in the present motion is whether McFreen failed to meet his discovery rule pleading burden and/or whether McFreen is barred by the statute of limitations from bringing Count II.

As a preliminary matter, neither party disputes[4] that Count II is subject to California's three-year statute of limitations for trade secret misappropriation claims. Cal. Civ. Code § 3426.6 ("An action for misappropriation [of trade secrets] must be brought within three years after the

---

[4] *See* Def.'s Reply at 2 ("California law governs the statute of limitations analysis for [the] trade secrets claim."); Pl.'s Response at 13 ("[T]he time limitation of the CUTSA applies.").

misappropriation is discovered or by the exercise of reasonable diligence should have been discovered.").[5] Thus, the critical date for Count II is May 13, 2011, three years before the Complaint was filed.

ALU first argues that McFreen cannot rely on the discovery rule for Count II because he failed to meet his pleading burden. To support its proposition, ALU cites to California law, which provides, "[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *E-Fab, Inc. v. Accountants, Inc., Serv.*, 153 Cal. App. 4th 1308, 1318 (2007). However, "it is rudimentary that pleading requirements in the federal courts are governed by the federal rules" and not the practice of state courts. *Johnson v. Hondo, Inc.*, 125 F.3d 408, 417 (7th Cir. 1997) (quotations omitted). Under Seventh Circuit law, "a plaintiff is not required to negate an affirmative defense, such as the statute of limitations, in his complaint." *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003). Simply put, under the federal rules, McFreen had no requisite pleading burden in order to take advantage of the discovery rule to toll the statute of limitations.

ALU next argues that the statute of limitations bars Count II because McFreen should have discovered his injury by at least 2006 (prior to the critical date) had he exercised reasonable diligence. Specifically, ALU contends that its active and extensive national and local marketing

---

[5] Even if the parties disagreed on the applicable statute of limitations for Count II, it would be inconsequential because Indiana's statute of limitations for trade secret misappropriation claims is also three years. *See* Ind. Code. § 24-2-3-7 (2014) ("An action for misappropriation must be brought within three (3) years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered."). Additionally, because California law governs the statute of limitations, so too will it govern the "discovery rule." *See Pyramid Controls Inc. v. Siemens Ind. Auto., Inc.*, 172 F.3d 516, 518 (7th Cir. 1999).

and promotion, which is detailed in McFreen's complaint, *see* Complaint, ¶ 68-94, should have put him on notice of his injury such that Count II is now barred, as was the case in *McKelvey v. Boeing N. Am., Inc.* 74 Cal. App. 4th 151, 162 (1999).

In *McKelvey*, a California state court found that such widely publicized reports were sufficient to put "a reasonable person on inquiry" such that the statute of limitations had begun. *Id.* However, the claim at issue in that case centered on the contamination of land by the defendant and the resulting injury to the plaintiff. *Id.* at 155. In *McKelvey*, the various "reports" disclosed the precise problem (land contamination) and the precise party (the defendant) such that people living around the contaminating facilities were on notice of their potential exposure to that specific problem by that specific party. *Id.* at 162.

In the case at bar, on the other hand, various inferences must be made to connect the public disclosures back to ALU or to the specific confidential information protected by the NDA. For instance, it is unclear from the Complaint whether and how McFreen would have known that the various embodiments publicly disclosed by ALU were in fact utilizing the information subject to their NDA. *See, e.g.*, Complaint, ¶ 94. Moreover, other public disclosures of relevant technology were made by third parties, and there is nothing to suggest that McFreen should have known these companies were connected with ALU. *See, e.g.*, *Id.* at ¶ 87.

Even in light of California's more conservative approach to the discovery rule, *see Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1111 (1988), California courts have recognized that whether a plaintiff is put on notice of his claims "is a determination that must ultimately be made by the trier of fact." *HiRel Connectors, Inc. v. United States*, 465 F. Supp.2d 984, 992 (C.D. Cal. 2005). In light of the inferences that must be made to conclude that McFreen knew or should have

known of his injury, a motion to dismiss on this basis is improper. Accordingly, ALU's motion to dismiss Count II of McFreen's Complaint is **DENIED**.

## C. Unjust Enrichment

Count III of McFreen's Complaint alleges that ALU was unjustly enriched by the information and concepts it stole from McFreen. ALU argues that Count III is preempted by Count II. Under the CUTSA, all common law claims "that are based on the same nucleus of facts as the misappropriation of trade secrets claim for relief" are preempted. *See K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 958 (2009) (citation omitted).

McFreen contends that because Count III is an "alternative claim," preemption under the CUTSA is only appropriate if ALU demonstrates that the information at issue is in fact a trade secret, which McFreen argues ALU has failed to do. In support of his argument, McFreen directs the Court to two cases: *Callaway Golf Co. v. Dunlop Slazenger Grp. Ams., Inc.*, 295 F. Supp. 2d 430 (D. Del. 2003) and *Serv. Employees Int'l Union v. Roselli*, No. C 09-00404, 2009 WL 3013501 (N.D. Cal. Sept. 17, 2009).

However, this Court found no California state cases that support McFreen's argument. In fact, California state courts that have addressed the issue have consistently ruled the opposite. *See, e.g.*, *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 217, 239 n. 22 (2010) ("emphatically" rejecting the notion that the CUTSA was not intended to preempt common law claims until such information was deemed to be a trade secret); *Angelica Textile Serv., Inc. v. Park*, 220 Cal. App. 4th 495, 506-07 (2013) (agreeing with *Silvaco* and applying the same preemption analysis); *see also Mattel, Inc. v. MGA Entertainment, Inc.*, 782 F. Supp. 2d 911, 987 (C.D. Cal. 2011) ("In an effort to align with the California courts that have addressed this issue,

8

the Court concludes that [the CUTSA] supersedes claims based on the misappropriation of confidential information, whether or not that information meets the statutory definition of a trade secret.").

This Court is bound to "give great weight to [the California appellate court] determination[s] about the content of state law, absent some indication that the highest court of the state is likely to deviate from those rulings." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 635 (7th Cir. 2007). Thus, because California state courts consistently hold that the CUTSA preempts any claims for unjust enrichment regardless of the classification of the information at issue, ALU's motion to dismiss Count III of McFreen's Complaint is **GRANTED**.

## IV. CONCLUSION

For the reasons set forth above, ALU's motion to dismiss (dkt. no. 8) is **GRANTED as to Count III and DENIED as to Counts I and II.**

SO ORDERED: 12/10/14

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication